**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**ANTONIO BERRY, #03256-043**                                                    **PETITIONER**

**VERSUS**                                         **CIVIL ACTION NO. 5:07-cv-144-DCB-MTP**

**CONSTANCE REESE, Warden FCI-Yazoo**                                **RESPONDENT**

### MEMORANDUM OPINION

This matter is before the Court, sua sponte, for consideration of dismissal.  On July 11, 2007, Petitioner Berry, an inmate at the Federal Correctional Institute (FCI)-Yazoo City, Mississippi, filed this petition for habeas corpus relief pursuant to 28 U.S.C. § 2241.  Upon review of the petition [1], memorandum in support [2-1] and attachments [2-2] filed by the Petitioner, the Court has reached the following conclusions.

The Petitioner was found guilty by a jury of conspiracy to possess with intent to distribute cocaine and possession with intent to distribute cocaine, in violation of 21 U.S.C. § 846 in the United States District Court for the Eastern District of Texas on April 8, 1993.  The Petitioner was sentenced to serve 30 years in the custody of the Bureau of Prisons.[1]  In April of 1995, the United States Court of Appeals for the Fifth Circuit affirmed the Petitioner's convictions in cause number 93-05011.  The Petitioner's motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 was denied by the United States District Court for the Eastern District of Texas.  The Petitioner states that his request for a certificate of appealability was denied by the Fifth Circuit in May or June of 1998.

---

[1]Petitioner states that his original sentence of life imprisonment was reduced.  In addition, some dates referenced in this opinion are taken from the record in Petitioner's previous § 2241 case filed in this Court.  See Berry v. Reese, 5:06-cv-171-DCB-MTP (S.D. Miss., Jan. 4, 2007).

The Petitioner previously filed for habeas relief under 28 U.S.C. § 2241 challenging the constitutionality of his incarceration, specifically the validity of his indictment. The Petitioner states that this previous § 2241 petition was construed as a motion to vacate, set aside, or correct his sentence pursuant to § 2255, and subsequently dismissed as a successive petition.

Since the Petitioner's incarceration at the FCI in Yazoo City, Mississippi, he has also filed for habeas relief under 28 U.S.C. § 2241 challenging the validity of his indictment. Berry v. Reese, 5:06-cv-171-DCB-MTP (S.D. Miss., Jan. 4, 2007). This Court dismissed Petitioner's case for lack of jurisdiction.[2]

In the petition before this Court, Petitioner argues the his conviction was obtained by ineffective assistance of counsel. Petitioner further maintains that he has not had any meaningful appellate review of his claims in violation of the Eighth Amendment. As relief, Petitioner states that he wants to be afforded due process in habeas review and have all of his claims adjudicated on the merits. Pet. [1], p.5.

## Analysis

A petitioner may attack the manner in which his sentence is being executed in the district court with jurisdiction over his custodian pursuant to 28 U.S.C. § 2241. United States v. Cleto, 956 F.2d 83, 84 (5th Cir.1992). As the United States Court of Appeals for the Fifth Circuit has recognized, "[a] section 2241 petition on behalf of a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration, and must be filed in the same district where the prisoner is incarcerated." Pack v. Yusuff, 218 F.3d 448,

---

[2] The Court found Petitioner's claims to be a challenge to the validity of his conviction, not the execution of his sentence and that Petitioner had failed to establish the inadequacy or ineffectiveness of § 2255 as a remedy.

451 (5th Cir. 2000). On the other hand, "section 2255, not section 2241, is the proper means of attacking errors that occurred during or before sentencing." Ojo v. I.N.S., 106 F.3d 680, 683 (5th Cir.1997) (citing Cox v. Warden, Fed. Detention Ctr., 911 F.2d 1111, 1113 (5th Cir.1990).

In the instant case, the Petitioner's allegations relate to the validity of his conviction and sentence. Clearly, these claims relate to alleged errors that occurred during or before sentencing and not to the manner in which his sentence is being executed. As such, this Court does not have jurisdiction to address the constitutional issues presented by the Petitioner. "A section 2241 petition that seeks to challenge the validity of a federal sentence must either be dismissed or construed as a section 2255 motion." Pack v. Yusuff, 218 F.3d 448, 452 (5th Cir.2000).

However, "§ 2241 may be utilized by a federal prisoner to challenge the legality of his conviction or sentence if he can satisfy the mandates of the § 2255 'savings clause.'" Reyes-Requena v. United States, 243 F.3d 893, 901 (5th Cir.2001).[3] Case law has made it clear that "[t]he petitioner bears the burden of demonstrating that the section 2255 remedy is inadequate or ineffective." Pack, 218 F.3d at 452. The Fifth Circuit has provided guidance as to the factors that must be satisfied for a petitioner to meet the stringent "inadequate or ineffective" requirement. See Reyes-Requena, 243 F.3d 893 (5th Cir.2001). The Court held the savings clause of § 2255 to apply to a claim:

(1) when the claim is based on a retroactively applicable Supreme Court decision which

---

[3] 28 U.S.C. § 2255 states as follows:

An application for a writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is *inadequate or ineffective to test the legality of his detention*.

3

>establishes that the petitioner may have been convicted of a nonexistent offense and
>(2) that claim was foreclosed by circuit law at the time when the claim should
>have been raised in the petitioner's trial, appeal, or fist § 2255 motion.

Reyes-Requena, 243 F.3d at 904. The first prong of the test is, essentially, an "actual innocence" requirement, whose "core idea is that the petitioner may be have been imprisoned for conduct which was not prohibited by law." Id. at 903.

This Court finds Petitioner's assertion that § 2255 is an inadequate or ineffective means of attacking his current confinement to be unpersuasive. To meet the first prong of the Reyes-Requena test, Petitioner must be relying on a decision by the Supreme Court which was retroactively applied establishing that the Petitioner was convicted of a nonexistent crime. Reyes-Requena, 243 F.3d at 904. The Petitioner has failed to provide any support to satisfy this requirement. Thus, the Petitioner has failed to meet the first prong of the requirements of Reyes-Requena. Because both prongs of the Reyes-Requena test must be met for a claim to benefit from the savings clause, this Court need not address the second prong of the test. Moreover, the Fifth Circuit has held that "[t]his Court and other Courts of Appeals have consistently noted that 'a prior unsuccessful [section] 2255 motion is insufficient, in and of itself, to show the inadequacy or ineffectiveness of the remedy.'" Pack, 218 F.3d at 452 (quoting McGhee v. Hanberry, 604 F.2d 9, 10 (5th Cir. 1979)). Therefore, since the Petitioner's claims do not meet the stringent requirements of the savings clause, he will not be allowed to proceed with this action pursuant to 28 U.S.C. § 2241.

Petitioner is advised that this latest request for habeas relief borderlines on an abuse of the writ. See Davis v. Fetchel, 150 F.3d 486 (5th Cir. 1998)(court concluded that a third petition filed pursuant to section 2241 constituted an abuse of the writ). Petitioner is warned that any

future attempts of a similar nature are likely to be found an abuse of the writ and lead to the imposition of sanctions, including but not limited to monetary fines or restrictions on Petitioner's ability to file pro se actions in this Court.

## Conclusion

As stated above, § 2241 is not the proper forum to assert Petitioner's claims.   Therefore, this § 2241 petition will be dismissed, without prejudice as frivolous and to the extent that the petition can be construed as a § 2255 motion it shall be dismissed for this Court's lack of jurisdiction, with prejudice**.**  See Pack v. Yusuff, 218 F.3d 448, 454-55 (5th Cir.2000).

A final judgment in accordance with this memorandum opinion shall be issued.

SO ORDERED, this the   29th   day of    October   , 2007.


                                                            s/ David Bramlette          
                                                    UNITED STATES DISTRICT JUDGE