IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

**ANTONIO BERRY, #03256-043**                                                     **PETITIONER**

**VERSUS**                               **CIVIL ACTION NO. 5:07-cv-144-DCB-MTP**

**CONSTANCE REESE, Warden FCI-Yazoo**                          **RESPONDENT**

## ORDER DENYING PETITIONER'S MOTION TO RECONSIDER

BEFORE THE COURT is Petitioner's Motion for Reconsideration [11] filed November 15, 2007, in this cause pursuant to Rule 59(e) of the FEDERAL RULES OF CIVIL PROCEDURE.[1] Petitioner moves the Court to reconsider the final judgment [10] of dismissal entered on October 31, 2007. Having considered the issues raised in the motion, the Court finds that the motion is not well-taken and should be denied.

The United States Court of Appeals for the Fifth Circuit has stated that when deciding a motion filed pursuant to Rule 59(e) of the FEDERAL RULES OF CIVIL PROCEDURE, a district court should consider the following non-inclusive factors: (1) the reasons for the plaintiffs' default; (2) the importance of the evidence to the plaintiffs' case; (3) whether the evidence was available to the plaintiffs before they responded to the underlying motion; and (4) the likelihood that the defendants will suffer unfair prejudice if the case is reopened. *Sturges v. Moore*, 73 Fed.Appx. 777, 778, 2003 WL 22100834, at *1 (5th Cir. Sept. 11, 2003)(citing *Ford v. Elsbury*, 32 F.3d 931, 937-38 (5th Cir. 1994). Litigants considering a Rule 59(e) motion have been "strongly cautioned" to

---

[1] Petitioner's motion reflects November 6, 2007, as the date of his signature.

carefully consider the grounds for such a motion. *Atkins v. Marathon LeTorneau Co.*, 130 F.R.D. 625, 626 n.1 (S.D. Miss. 1990). "Whatever may be the purpose of Rule 59(e), it should not be supposed that it is intended to give an unhappy litigant one additional chance to sway the judge." *Id.*

After consideration of the above listed factors and relevant case law, the Court finds that Petitioner's motion for reconsideration should be denied. Petitioner has failed to offer any evidence or arguments that were not initially available to him at the time his petition was filed. Petitioners motion merely expresses disagreement with the ruling of the Court. This Court has thoroughly reviewed the instant motion [11] and petition together with Petitioner's memorandum in support [2-1] and attachments [2-2], to determine that the correct legal finding was issued in this cause. Moreover, Petitioner has failed to meet the requisite legal standard for the Court to grant a motion to reconsider.[2]

IT IS HEREBY ORDERED that Petitioner's Motion [11] to Reconsider the Final Judgment [10], should be and is hereby **DENIED.**

This the ___19th___ day of November, 2007.

                                                  s/ David Bramlette
                                              UNITED STATES DISTRICT JUDGE

---

[2] In an effort to be exhaustive, the Court has also considered the Petitioner's motion under Rule 60(b) of the FEDERAL RULES OF CIVIL PROCEDURE and determined that the motion should likewise be denied. S*ee Texas A&M Research Found. v. Magna Transportation Inc.*, 338 F.3d 394, 400 (5th Cir. 2003).